## SAMUEL TEMPLETON *v.* BOARD OF LEVEE COMMISSIONERS.

It is not the State tax roll which creates the indebtedness for the local tax, it is the *ordinance* which levies the tax. Hence a person who has removed with his property out of the State, after the assessment of the State tax, but before any local tax is assessed, is not indebted for such local tax.

Where an order of seizure and sale improvidently issues, the judgment of the lower Court, directing it, will be revoked.

APPEAL from the District Court of the Parish of Carroll, *Farrar, J.*
*Wm. G. Wyly*, for plaintiff and appellant. *Hugh Short*, for defendant.

MERRICK, C. J. "*Joseph Templeton*, for many years a planter of Carroll parish, Louisiana, concluded to sell his land to *Samuel Templeton*, and removed his negroes to Warren county, Mississippi. He accordingly did so by authentic act of sale on the 8th December, 1858."

" On the 22d day of October, 1859, the levee board made an assessment of *Joseph Templeton's* levee taxes for 1859, on all his property found on the assessment roll of 1858, including negroes, &c. *Joseph Templeton* moved his property to Mississippi on the 8th of December, 1858."

"*Sanders D. Olivier*, levee tax collector, advertised for sale, on the 29th September, 1860, the land *Joseph Templeton* had sold plaintiff, to pay *Joseph Templeton's* levee taxes for 1859, stating in his advertisement, that he offered it by virtue of an order of seizure and sale. No order of seizure and sale in favor of the levee board, and against the plaintiff's vendor, was *filed* in the clerk's office when this seizure was made. Plaintiff was not made party to any order of seizure and sale sued out by the levee tax collector against *Joseph Templeton*, although he had possessed the land as owner since 18th December, 1858."

The present suit is by way of third opposition to the order of seizure and sale, addressed by the District Judge to the tax collector, upon a petition or paper which (as already said) was never filed in the clerk's office. The judgment of the lower court was in favor of the defendants, the levee commissioners; and plaintiff appeals.

The case presents these questions:

Could the assessment under the act of 1859 be made to have a retroactive effect, so as to create a debt, by relation to the property possessed by *Joseph Templeton* in 1858; and was there any lien for the tax in 1858 at the time of sale? Was it

not necessary that the order of seizure and sale should issue under the seal of the court; and was it not irregular to address it to the tax collector for execution?

For the decision of this case, it is sufficient to consider, and answer the first of these questions. The State tax is assessed under general laws, and the assessment is made the basis upon which the parish taxes are levied. As the laws under which the State tax is levied are permanent, the State tax may be said to be assessed when the tax roll is completed. But, in regard to parish, or other local taxes, which depend upon an annual ordinance for their existence, they cannot be said to be *assessed* until the ordinance fixing their amount has been passed. When it is passed, it refers to the previous assessment of the State tax as the most convenient mode of ascertaining the persons liable to the local tax, and the amount for which they are responsible. It is not the State tax roll which creates the indebtedness for the local tax, it is the *ordinance* which levies the tax. Hence, a person who has removed with his property out of the State, after the assessment of the State tax, but before any local tax is assessed, is not indebted for such local tax; and it would be absurd to insist, that property and persons in a foreign jurisdiction, were subject to taxation here.

The statute of 1859, authorizing the assessment by the Board of Levee Commissioners, is in itself clear as to the time it is to take effect. It declares that the tax herein imposed shall be a first lien and privilege upon the property subject to the same, *from the date of the assessment made by the said Board of Levee Commissioners*, p. 30, sec. 3. How then can it be said, that the tax to be assessed by them under this law, could bind persons who had no property here when the law itself was passed, and have had none since its passage?

As the third opponent owned the land when the assessment was made by the Board of Commissioners, it may be that it is subject to assessment in his hands. But that question cannot arise in this case, as there is no reconventional demand, and the question in this suit is the one already considered, viz., Does *Joseph Templeton* owe the tax levied under the statute of 1859; and if so, does it operate as a mortgage and privilege upon the property of the third opponent, bought in 1858, almost a year previous to the assessment of the levee tax against *Joseph Templeton?*

It appears to us that the order of seizure and sale against *Joseph Templeton* issued improvidently, and that the seizure of the property of *Samuel Templeton* was illegal. The judgment of the lower court must, therefore, be reversed. See 15 An. pp. 89, 107.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed; and it is now ordered, adjudged and decreed, that said defendants, the Board of Levee Commissioners, and said *S. D. Olivier*, said tax collector, do release said property seized by them to pay said tax of said *Joseph Templeton*, and restore the same to the said *Samuel Templeton*, as the owner thereof. And it is further ordered that said board of levee commissioners, and said *S. D. Olivier*, pay the costs of both courts.